# EXHIBIT G

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**

ALA BENOTMAN, individually and on behalf of all others similarly situated,

*Plaintiff*,

vs.

GROUPON, INC.

*Defendant*.
______________________________________/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1. Plaintiff, Ala Benotman ("Plaintiff"), brings this action against Defendant, Groupon, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Texas Business and Commerce Code §§ 302.101 and 305.053 ("TBCC").

## NATURE OF THE ACTION

2. This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA") and the Texas Business and Commerce Code §§ 302.101 and 305.053 (the "TBCC").

3. This case arises from Defendant's transmission of multiple unauthorized text messages to cellular telephones and violations of the National Do Not Call Registry and the TBCC of Plaintiff and others, without regard to consumers' consent or privacy rights, even after the opt out.

4. Defendant is a corporation engaged in providing e-commerce marketplace services, including local deals, discounts, and promotional offers to consumers, throughout the United States including the State of Texas.

5. To promote its services, Defendant engages in aggressive unsolicited telemarketing, harming thousands of consumers in the process. Defendant utilizes aggressive marketing to push its products and services without regard to consumers' rights under the TCPA and TBCC.

6. Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## <u>JURISDICTION AND VENUE</u>

7. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute. This Court also has supplemental jurisdiction over Plaintiff's Texas state law claims under 28 U.S.C. § 1367. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA and the TBCC, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

8. Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff resides within this district, Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district, thereby

establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the Southern District of Texas and, on information and belief, Defendant has sent the same telemarketing text messages complained of by Plaintiff to other individuals within this judicial district, such that some of Defendant's acts in making such calls have occurred within this district, subjecting Defendant to jurisdiction in the Southern District of Texas.

**<u>THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227</u>**

9. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See S. Rep.* No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

10. The TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

12. Under the TCPA, a text message is a "call." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951–52 (9th Cir. 2009).

**<u>TEXAS BUSINESS AND COMMERCE CODE CHAPTER 302</u>**

13. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

14. "'Telephone solicitation' means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item." Tex. Bus. & Com. Code § 302.001(7).

15. A "seller" is defined as "a person who makes a telephone solicitation on the person's own behalf." Tex. Bus. & Com. Code § 302.001(5).

16. Plaintiff is entitled to seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302.

**TEXAS BUSINESS AND COMMERCE CODE § 305.053**

17. A person who receives a communication that violates 47 U.S.C. § 227, a regulation adopted under that provision, or Subchapter A may bring an action in this state against the person who originates the communication for damages in the amount provided by this section. Tex. Bus. & Com. Code § 305.053(a)(2).

18. A plaintiff who prevails in an action for damages under this section is entitled to the greater of $500 for each violation or the plaintiff's actual damages. Tex. Bus. & Com. Code § 305.053(b)(1)-(2).

**PARTIES**

19. Plaintiff is a natural person who, at all times relevant to this action, was a resident of Harris County, Texas.

20. Plaintiff is, and at all times relevant hereto was, an individual and the sole subscriber of the residential telephone number ending in 8061 (the "8061 Number") that received Defendant's telemarketing text message solicitations.

21. Defendant is an Illinois corporation whose principal place of business is at 35 West Wacker Drive, Chicago, Illinois 60601.

22. Defendant directs, markets, and provides its business activities throughout the United States, including the State of Texas.

23. Unless otherwise indicated, the use of Defendant’s name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

**FACTUAL ALLEGATIONS**

24. Defendant is a corporation engaged in providing e-commerce marketplace services, including local deals, discounts, and promotional offers to consumers, throughout the United States including the State of Texas.

25. Beginning in or about 2023, Plaintiff began receiving telemarketing text messages from Defendant, including, but not limited to, messages received on December 12, 2023, and December 14, 2023, as shown below:


Dec 11, 2023 at 5:09 PM
9:16
5G 6
Groupon: Make your holiday
a breeze w % off top
ps://groupo /l/ak1/
Q1d2N
184
85397
Dec 12, 2023 at 4:05 PM
Groupon: It's Winter Beauty Week: Grab HUGE Beauty Savings with CODE: PROMO https://groupon.attn.tv/l/G62/Q1d2N
Dec 14, 2023 at 4:05 PM
Groupon: Give the Gift of Relaxation: Massages Starting from $30! https://groupon.attn.tv/l/L0h/Q1d2N
Stop
Groupon: You are unsubscribed from messaging. No more messages will be sent. Help at support@attentivemobile.com
Yesterday 6:18 PM
Book your massage today and save 30% with code RELAX. https://grpn.co/MM9ky6tK7W
If you did not expect this message from an unknown sender, it may be spam.
Report Spam
Text Message • SMS

26. On December 14, 2023, Plaintiff replied "Stop" to Defendant's short code, 85397, clearly revoking any prior consent and requesting that Defendant cease all future text message communications (as shown above).

27. Defendant immediately acknowledged Plaintiff's opt-out request by responding: "You are unsubscribed from messaging. No more messages will be sent", (as shown above).

28. Despite Plaintiff's clear opt-out request and Defendant's express confirmation that Plaintiff had been unsubscribed, Defendant disregarded Plaintiff's wishes and resumed sending unsolicited telemarketing text messages. Using the same short code, 85397, Defendant continued its telemarketing campaign by sending additional text messages to Plaintiff, including, but not limited to, messages sent on June 4, 2026; June 6, 2026; June 7, 2026; June 8, 2026; June 9, 2026; June 10, 2026; and June 11, 2026, as shown below:







29. Defendant has the capability of immediately complying with Plaintiff's opt-out requests.

30. As demonstrated by the above screenshots, Defendant does not honor reasonable consumer requests to opt-out of text message solicitations. Indeed, Plaintiff attempted to opt-out of Defendant's telephone solicitations by telling Defendant not to contact her anymore, but

Defendant continued to text message Plaintiff intentionally disregarding Plaintiff's instructions in order to solicit the sale of its services to Plaintiff.

31. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant has not instituted procedures for maintaining a list of persons who request not to receive text messages from Defendant.

32. Defendant's refusal to honor Plaintiff's opt-out request demonstrates that Defendant does not have a written policy, available upon demand, for maintaining a do-not-call list. In fact, Plaintiff, through counsel, made a request to Defendant's counsel for a copy of Defendant's do-not-call list policy, but received no response from Defendant.

33. Defendant failed to place Plaintiff on an internal do-not-call list after Plaintiff's "Stop" opt-out instruction.

34. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not provide training to its personnel engaged in telemarketing on the use and existence of a do-not-call list.

35. Defendant's refusal to honor Plaintiff's opt-out requests demonstrates that Defendant does not maintain an internal do-not-call list.

36. Defendant did not maintain the required procedures for handling and processing opt-out requests prior to the initiation of the violative text messages it sent to Plaintiff as reflected by the fact that Plaintiff made an opt-out request and that request was never processed; it was ignored by Defendant and its employees and Defendant continued to send text messages.

37. These facts strongly suggest that Defendant fails to ensure that requests by Plaintiff and the Class members to opt-out of future communications are honored within a reasonable time.

38. Indeed, Plaintiff's and the class members opt-out requests were not honored within a reasonable time from when the opt-out request was made.

39. Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

40. Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in Defendant's e-commerce deals, discounts, and promotional offers.

41. The information contained in the text messages advertises Defendant's various products, services, and promotions, which Defendant sends to promote its business.

42. Defendant sent the subject texts within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial district.

43. Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

44. To the extent that Defendant ever had any consent to contact Plaintiff for marketing purposes, that consent was expressly revoked on at least December 14, 2023 when Plaintiff responded to Defendant with the message "Stop."

45. Plaintiff has no existing business relationship with Defendant.

46. At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

47. Specifically, Plaintiff never completed any type of form that clearly and conspicuously authorized Defendant to contact Plaintiff's residential cellular telephone with marketing text messages.

48. Plaintiff is the subscriber and sole user of the 8061 Number and is financially responsible for it.

49. Plaintiff's 8061 Number is her residential telephone number used for personal purposes. Plaintiff's 8061 Number is her primary way of being contacted in her home.

50. Plaintiff registered her 8061 Number with the national do-not-call registry on June 7, 2023, and has been registered at all times relevant to this action.

51. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

52. The text messages originated from the short code number 85397, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

53. On information and belief, Defendant sought a financial benefit from the telemarketing text messages it placed to Plaintiff and the putative class members, as it attempted to derive business from these messages.

54. Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

## TEXAS TELEPHONE SOLICITATION REGISTRATION VIOLATIONS

55. On July 10, 2026, Plaintiff's counsel searched the Texas Secretary of State website at https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp and found no telephone solicitation registration for Defendant.

56. Defendant has never been registered to telephone solicit in Texas or to Texas residents.

57. Each text message alleged herein was sent without a valid Texas telephone solicitation registration.

58. Defendant does not qualify for an exemption to the Texas telephone solicitation registration requirement.

**CLASS ALLEGATIONS**

**PROPOSED CLASSES**

59. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

60. Plaintiff brings this case on behalf of the classes defined as follows:

> **Do Not Call Registry Class: All persons in the United States who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of promoting Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff.**

> **National Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, (1) received at least two text messages within any 12-month period; (2) from Defendant or on Defendant's behalf; (3) for the purpose of promoting Defendant's products and services; (4) to the person's personal telephone number; (5) while Defendant did not institute procedures that met the minimum standards required by 47 C.F.R. § 64.1200(d)(1)-(6).**

> **Texas Do Not Call Registry Class: All persons in Texas who from four years prior to the filing of this action (1) were sent a text message by or on behalf of Defendant; (2) where the person's telephone number had**

**been listed on the National Do Not Call Registry for at least thirty days; (3) for the purpose of selling Defendant's products and services.**

**<u>Texas Telephone Solicitation Registration Class:</u> All persons in Texas who, from four years prior to the filing of this action, (1) received a telephone solicitation, as defined by Tex. Bus. & Com. Code § 302.001(7), made by or on behalf of Defendant; (2) for the purpose of selling Defendant's products and services; and (3) at a time when Defendant did not hold a valid telephone solicitation registration certificate issued by the Texas Secretary of State pursuant to Tex. Bus. & Com. Code § 302.101.**

61. Defendant and its employees or agents are excluded from the classes. Plaintiff does not know the number of members in the classes but believes the Class members number in the several thousands, if not more.

**<u>NUMEROSITY</u>**

62. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States who are registered on the Do Not Call registry. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

63. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's text message records.

**<u>COMMON QUESTIONS OF LAW AND FACT</u>**

64. There are numerous questions of law and fact common to the classes which predominate over any questions affecting only individual members of the classes. Among the questions of law and fact common to the classes are:

a) Whether Defendant violated TCPA;

b) Whether Defendant violated the TBCC;

c) Whether Defendant was registered to make telephone solicitations in Texas pursuant to Tex. Bus. & Com. Code § 302.101

d) Whether Defendant violated 47 C.F.R. § 64.1200(d);

e) Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

f) Whether Defendant keeps records of text recipients who revoked consent to receive texts;

g) Whether Defendant has any written policies for maintaining an internal do not call list;

h) Whether Defendant's conduct was knowing and willful;

i) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

j) Whether Defendant is liable for damages, and the amount of such damages; and

k) Whether Defendant should be enjoined from such conduct in the future.

65. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

66. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

67. Plaintiff is a representative who will fully and adequately assert and protect the interests of the classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the classes.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

68. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the classes are in the millions of dollars, the individual damages incurred by each member of the classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

69. The prosecution of separate actions by members of the class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the classes, although certain class members are not parties to such actions.

**COUNT I**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On Behalf of the Plaintiff and the Do Not Call Registry Class)**

70. Plaintiff repeats and re-alleges paragraphs 1 through 69 of this Complaint and incorporates them by reference herein.

71. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

72. 47 C.F.R. § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[1]

73. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

74. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

75. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

76. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003). Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

77. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**<u>VIOLATION OF 47 U.S.C. § 227(c)(2)</u>**
**(Individually and on behalf of the National Internal Do Not Call Class)**

78. Plaintiff re-alleges and incorporates paragraphs 1 through 69 as if fully set forth herein.

79. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

80. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making such calls (or

> on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed ten (10) business days from the receipt of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the call is made, the person or entity on whose behalf the call is made will be liable for any failures to honor the do-not-call request. A person or entity making an artificial or prerecorded- voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) or any call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a call is made or an affiliated entity
>
> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

81. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "*Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.*

47 C.F.R. § 64.1200(e).

82. Plaintiff and the National Internal Do Not Call Class members made requests to Defendant not to receive text messages from Defendant.

83. Defendant failed to honor Plaintiff and the National Internal Do Not Call Class members' requests.

84. Defendant continued to send telemarketing text messages to Plaintiff more than ten (10) business days after Plaintiff's opt-out request.

85. Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing text messages made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

86. Because Plaintiff and the National Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

87. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the National Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

88. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the National Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

89. Plaintiff and the National Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

90. Plaintiff and the National Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT III**
**<u>Violation of the TBCC § 305.053</u>**
**(On Behalf of Plaintiff and the Texas Do Not Call Registry Class)**

91. Plaintiff repeats and realleges paragraphs 1 through 69 of this Complaint and incorporates them by reference herein.

92. The TBCC provides: " A person who receives a communication that violates 47 U.S.C Section 227, a regulation adopted under that provision, or Subchapter A may bring an action

in this state against the person who originates the communication for: (1) an injunction; (2) damages in the amount provided by this section; or (3) both an injunction and damages." Texas Bus. & Com. Code §305.053(a).

93. As set forth above, Defendant violated 47 C.F.R § 64.1200(c) of the TCPA's implementing regulations by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry.

94. Moreover, 47 C.F.R § 64.1200(e) provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."

95. Under the TBCC, Plaintiff and the Class members are entitled to recover $500 in statutory damages for each violative text message. Texas Bus. & Com. Code §305.053(b).

**COUNT IV**
**<u>Violation of the TBCC § 302.101</u>**
**(On Behalf of Plaintiff and the Texas Telephone Solicitation Registration Class)**

96. Plaintiff repeats and re-alleges paragraphs 1 through 69 of this Complaint and incorporates them by reference herein.

97. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the State of Texas or to residents located in the State of Texas. Tex. Bus. & Com. Code § 302.101.

98. "Telephone solicitation" means a telephone call a seller or salesperson initiates to induce a person to purchase, rent, claim, or receive an item. Tex. Bus. & Com. Code § 302.001(7).

99. Defendant is a "seller" as defined under Tex. Bus. & Com. Code § 302.001(5), as it made telephone solicitations on its own behalf.

100. Defendant has never held a valid telephone solicitation registration certificate from the Texas Secretary of State.

101. The foregoing acts and omissions of Defendant and/or its affiliates or agents constitute multiple violations of Tex. Bus. & Com. Code § 302.101, by making unregistered telephone solicitations to Plaintiff's and the Texas Telephone Solicitation Registration Class's cellular telephone numbers without a valid registration certificate.

102. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of up to $5,000 in damages for each such knowing or willful violation. Tex. Bus. & Com. Code § 302.302(a).

103. Plaintiff and the Texas Telephone Solicitation Registration Class are entitled to an award of all reasonable costs of prosecuting the action, including court costs, investigation costs, deposition expenses, witness fees, and attorney's fees. Tex. Bus. & Com. Code § 302.302(d).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the class as defined above, and appointing Plaintiff as the representative of the class and Plaintiff's counsel as Class Counsel;

b) A declaration that Defendant's practices described herein violate the TCPA and the TBCC;

c) An injunction requiring Defendant to cease all text message solicitations to numbers on the Do Not Call Registry, to cease making telephone solicitations in

Texas without a valid registration certificate, and to otherwise protect the interests of the class;

d) An award of actual and statutory damages under the TCPA and TBCC for Plaintiff and each member of the Class;

e) An award of statutory damages under Tex. Bus. & Com. Code § 302.101 et seq. for Plaintiff and each member of the Texas Telephone Solicitation Registration Class;

f) Such further and other relief as the Court deems necessary.

**JURY DEMAND**

Plaintiff and Class Members hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemizations associated with the allegations herein, including all records, lists, electronic databases, or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: July 10, 2026

Respectfully submitted,

**Shamis & Gentile, P.A.**
*/s/ Christopher Berman*
Christopher Berman, Esq.
cberman@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

*Counsel for Plaintiff and the Classes*