**KELLEY DRYE & WARREN LLP**
Becca Wahlquist (SBN 215948)
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4916
Facsimile: (213) 547-4901
bwahlquist@kelleydrye.com

*Counsel for Defendant Groupon, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ROBERT FREUND,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GROUPON, INC.**,<br><br>Defendant. | Case No. 3:26-cv-05733-JSC<br><br>[Assigned to Hon. Jacqueline Scott Corley]<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL AND STAY**<br><br>Hearing Date: December 3, 2026<br>Hearing Time: 10:00 a.m.<br>Hearing Place: Courtroom 8, 19th Floor |

## I. INTRODUCTION

Plaintiff Robert Freund's ("Plaintiff") Motion for Certification of an Interlocutory Appeal and For Stay (Dkt. No. 27, "Motion" or "Mot.") fails at the threshold: this Court lacked jurisdiction to entertain the Motion when Plaintiff filed it. This Court entered its order transferring the case to the Northern District of Illinois on October 14, 2026 (Dkt. No. 26, "Transfer Order"), and the case was docketed in the transferee court on October 16, 2026. *Freund v. Groupon*, No. 1:26-cv-12735, Dkt. No. 27 (N.D. Ill.). Plaintiff did not file his Motion until October 21—five days after the transfer became effective and this Court and the Ninth Circuit lost jurisdiction to review the Transfer Order. Plaintiff could have sought a stay before the transfer became effective. He did not, and his subsequent Motion does not restore this Court's jurisdiction. *See* Part II.A.

Even apart from that threshold defect, Plaintiff cannot satisfy the requirements for certification under 28 U.S.C. § 1292(b). ***First***, his proposed "notice question" seeks review of this Court's application of settled law to the particular SMS enrollment screen, not resolution of a pure question of law. Nor would a ruling in Plaintiff's favor resolve whether he agreed to Groupon's Terms of Use ("Terms"): Groupon's other asserted grounds for assent would remain to be addressed. ***Second***, Plaintiff identifies no substantial ground for difference of opinion. The Court applied Ninth Circuit precedent to a screen that placed an express assent disclosure immediately above the action button and distinguished the Terms hyperlink through underlining and capitalization. Plaintiff's disagreement with that application does not warrant interlocutory review. ***Third***, immediate appeal would not materially advance the ultimate termination of the litigation. Even a reversal would leave the remaining grounds for contract formation unresolved, adding appellate proceedings without eliminating the need to address those grounds. *See* Part II.B.

Plaintiff's request to stay implementation of the Transfer Order is likewise too late: the transfer has already occurred. *See* Part II.C. The Court must deny the Motion.

## II. LEGAL ARGUMENT

### A. This Court Lacks Jurisdiction To Rule On This Motion

This Court lacks jurisdiction to entertain Plaintiff's Motion because the case was docketed in the Northern District of Illinois before the Motion was filed. Under binding Ninth Circuit precedent, "a section 1404 transfer ends the jurisdiction of both the transferor court and the corresponding appellate court when the motion is granted and the papers are entered in the transferee court's records." *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987). District courts applying that rule have declined to entertain motions seeking certification of transfer orders after the cases were docketed in the transferee courts. *See Adab v. U.S. Citizenship & Immigr. Servs.*, No. 2:14-cv-04597, 2015 WL 1467180, at *4 (C.D. Cal. Mar. 23, 2015); *Perlman v. Jackson Hewitt Inc.*, No. 2:10-cv-00051, 2010 WL 3532681, at *1 (E.D. Wash. Sept. 10, 2010).

This District applied the same rule in *Chen v. Zhang*, No. 3:24-cv-03942, 2024 WL 4906537, at *1 (N.D. Cal. Nov. 27, 2024). After the case was transferred to and docketed in the Southern District of New York, the plaintiff moved that same day to stay the transfer order so that the plaintiff could seek an interlocutory appeal under Section 1292(b). *Id.* The court denied the motion because it had "lost jurisdiction over [the] case when it was docketed in the Southern District of New York." *Id.*; *see also Techshell, Inc. v. Incase Designs Corp.*, No. 4:11-cv-04576, 2012 WL 692295, at *2 (N.D. Cal. Mar. 2, 2012) (discussing the loss of jurisdiction following a transfer completed within minutes of the transfer order).

The chronology here is dispositive. This Court entered the Transfer Order on October 14, 2026 (Dkt. No. 26), and the Northern District of Illinois docketed the case on October 16, 2026. *Freund v. Groupon*, No. 1:26-cv-12735, Dkt. No. 27 (N.D. Ill.). Plaintiff did not file his Motion until October 21, 2026 (Dkt. No. 27)—five days after the transfer became effective. His subsequent request for certification does not restore this Court's jurisdiction. Accordingly, the Court lacks jurisdiction to entertain the Motion. *See Adab*, 2015 WL 1467180, at *5.

### B. Even Assuming This Court Had Jurisdiction, Plaintiff Cannot Satisfy Section 1292(b)'s Requirements for Certification

Even assuming this Court had jurisdiction to consider Plaintiff's Motion, certification

would be unwarranted. A district court may certify an order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). All three requirements must be satisfied. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Plaintiff satisfies none.

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *Chen*, 2024 WL 4906537, at *1 (quoting *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002)). Accordingly, "section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1027 (9th Cir. 1981). Plaintiff bears the burden of establishing exceptional circumstances that justify departing from the policy of postponing appellate review until final judgment. *See Fukuda v. Los Angeles Cnty.*, 630 F. Supp. 228, 229 (C.D. Cal. 1986). His disagreement with the Court's application of settled notice principles to the SMS enrollment screen does not meet that burden.

### 1. Plaintiff's "Notice Question" Is Neither Controlling Nor a Pure Question of Law

Plaintiff's proposed "notice question" fails Section 1292(b)'s first requirement because it seeks review of the Court's application of settled law to a particular enrollment screen, not resolution of a pure question of law. For purposes of Section 1292(b), "a 'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." *TCL Commc'ns Tech. Holdings Ltd v. Telefonaktenbologet LM Ericsson*, No. 8:14-cv-00341, 2014 WL 12588293, at *3 (C.D. Cal. Sept. 30, 2014) (quoting *Barrer v. Chase Bank, USA, N.A.*, No. 3:06-cv-00415, 2011 WL 1979718, at *4 (D. Or. May 18, 2011)). A pure legal question permits an appellate court to resolve the issue "quickly without delving into a particular case's facts." *Chiarito v. Home Depot, U.S.A., Inc.*, No. 2:22-cv-04662, 2022 WL 18142558, at *3 (C.D. Cal. Nov. 25, 2022).

Plaintiff's proposed question requires precisely the opposite. It asks whether the appearance, placement, formatting, and context of the disclosure in Groupon's March 2026 SMS

enrollment screen provided reasonably conspicuous notice of the Terms. (*See* Mot. at 6, 9.) As Plaintiff's own authority explains, that inquiry is "fact-intensive" and depends on the "totality of the circumstances." *Godun v. JustAnswer LLC*, 135 F.4th 699, 709 (9th Cir. 2025). Similarly, in *Astiana v. Dreyer's Grand Ice Cream, Inc.*, No. 3:11-cv-02910, 2012 WL 4892391, at *1–2 (N.D. Cal. Oct. 12, 2012), the court declined to certify a question that depended on how a reasonable consumer would interpret the defendant's labeling.

Plaintiff's assertion that the screen's features are "undisputed" and that "no further factfinding is needed" does not change the nature of the proposed inquiry. (Mot. at 9.) The question remains whether those particular features satisfied the governing notice standard. An undisputed factual record does not transform an application of law to facts into a pure question of law. *See TCL Commc'ns Tech. Holdings Ltd*, 2014 WL 12588293, at *3.

Plaintiff also has not shown that his proposed question is controlling. An issue is controlling if its resolution on appeal "could materially affect the outcome of litigation in the district court." *Adab*, 2015 WL 1467180, at *4 (citation omitted). Here, a ruling concerning the SMS enrollment screen would not resolve whether Plaintiff agreed to Groupon's Terms through his other interactions with Groupon. Plaintiff acknowledges that "reversal would [not] automatically establish that no agreement could have arisen at any other time." (Mot. at 8.) In its Motion to Transfer, Groupon separately asserted that Plaintiff accepted the Terms when he created and signed into his account and made purchases. (Dkt. No. 18 at 2.) Those grounds would remain unresolved even if Plaintiff prevailed on his proposed question.

Plaintiff therefore seeks review of one application of settled notice principles while leaving other asserted grounds for enforcing the Terms to be addressed. He has not established a controlling question of law warranting certification under Section 1292(b).

### 2. Plaintiff Identifies No Substantial Ground for Difference of Opinion

Plaintiff likewise fails to establish a substantial ground for difference of opinion. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first

impression are presented." *Couch*, 611 F.3d at 633 (citation and internal quotation omitted). Plaintiff identifies no such uncertainty in the governing notice standard.

The Court applied Ninth Circuit precedent to the SMS enrollment screen before it. (*See* Transfer Order at 4–8.) It found that the disclosure appeared directly above the action button and that underlining and capitalization distinguished "Terms (incl. arbitration)" and "Privacy Policy" from the surrounding text. (*Id.* at 6.) Applying *Godun*, *Berman*, *Chabolla*, and other California federal authority, the Court concluded that those features, together with the absence of distracting material, provided reasonably conspicuous notice. (*Id.*); *see generally Godun v. JustAnswer LLC*, 135 F.4th 699 (9th Cir. 2025); *Berman v. Freedom Fin. Network, LLC*, 30 F.4th 849 (9th Cir. 2022); *Chabolla v. ClassPass Inc.*, 129 F.4th 1147 (9th Cir. 2025).

Plaintiff disputes that application. He argues that reasonable jurists could disagree about whether underlining and capitalization supplied sufficient visual distinction under *Berman*, whether the disclosure's placement supplied sufficient notice under *Chabolla*, and whether the Court properly distinguished *Ferrell v. SnapCommerce Holdings, Inc.*, No. 4:25-cv-03160, 2025 WL 3280992 (N.D. Cal. Nov. 25, 2025). (Mot. at 10–11.) Those arguments challenge the Court's assessment of this screen, not the governing legal standard. As *Couch* explains, "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." 611 F.3d at 633. Nor is a party's "strong disagreement with the Court's ruling" sufficient. *Id.* (citation omitted); *see also Doe v. CRST Expedited, Inc.*, No. 5:21-cv-01117, 2023 WL 3564785, at *2 (C.D. Cal. Apr. 25, 2023).

*Vernon v. Qwest Communications International, Inc.*, 925 F. Supp. 2d 1185 (D. Colo. 2013), does not support certification here. (*See* Mot. at 12.) Although the court found reasonably conspicuous terms and unambiguous assent, the certified question concerned whether the contract was illusory and unenforceable—not whether the enrollment process supplied sufficient notice. *Id.* at 1191, 1195. Judges in that district had reached conflicting conclusions concerning the same contract. *Id.* at 1192–94. Plaintiff identifies no comparable conflict here.

Plaintiff has therefore not established a substantial ground for difference of opinion under Section 1292(b).

### 3. An Immediate Appeal Would Not Materially Advance The Ultimate Termination Of The Litigation

Plaintiff has not shown that immediate review would materially advance the ultimate termination of this litigation. The inquiry is whether resolution of the proposed legal question "*may appreciably* shorten the time, effort, or expense of conducting a lawsuit." *Astiana*, 2012 WL 4892391, at *4 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1027) (emphasis in original). In *Doe v. CRST Expedited, Inc.*, the court denied certification of an order declining to transfer venue because even a successful appeal would "delay, not advance, the ultimate termination of the litigation." 2023 WL 3564785, at *2.

Here, a successful appeal would leave Groupon's other asserted grounds for contract formation unresolved. Plaintiff acknowledges that reversal would require consideration of the "remaining grounds" for formation, including his acceptance of the Terms when he created and signed into his account and made purchases. (Mot. at 12.) He further acknowledges that "reversal would [not] end the TCPA action, eliminate all proceedings concerning formation, or necessarily prevent every later challenge." (*Id.* at 13.)

Those concessions do not, standing alone, resolve the material-advancement inquiry. They do, however, underscore the limited reach of Plaintiff's proposed appeal: it would address one asserted basis for assent without eliminating the need to consider the others. Plaintiff has not shown how adding that appellate proceeding would appreciably shorten the remaining litigation. He therefore has not satisfied Section 1292(b)'s third requirement.

Because Plaintiff has not satisfied the requirements for certification, the Court must deny the Motion.

## C. <u>Plaintiff Is Not Entitled To A Stay</u>

Plaintiff seeks to "stay [] implementation of the [T]ransfer Order" pending resolution of his request for certification. (Mot. at 13–14.) But the case was docketed in the Northern District of Illinois on October 16, 2026, five days before Plaintiff filed the Motion. As explained in Part II.A, this Court therefore lacks jurisdiction to grant the requested relief. Moreover, the transfer Plaintiff seeks to stay has already occurred. The Court must deny his request.

## III. CONCLUSION

Groupon respectfully requests that the Court deny Plaintiff's motion for certification of an interlocutory appeal and deny Plaintiff's motion to stay implementation of the Transfer Order.

DATED: November 4, 2026

By: */s/ Becca Wahlquist*

Becca Wahlquist (SBN 215948)
KELLEY DRYE & WARREN LLP
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Telephone: (213) 547-4916
Facsimile: (213) 547-4901
bwahlquist@kelleydrye.com

*Counsel for Defendant Groupon, Inc.*