**KJC LAW GROUP, A.P.C.**
Kevin J. Cole (SBN 321555)
*kevin@kjclawgroup.com*
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Telephone: (310) 861-7797

**PARONICH LAW, P.C.**
Anthony I. Paronich (*Pro Hac Vice*)
*anthony@paronichlaw.com*
Alex Jilizian (SBN 362307)
*alex@paronichlaw.com*
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018

*Attorneys for Plaintiff*
*Robert Freund*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT FREUND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GROUPON, INC.,<br><br>Defendant. | Case No. 3:26-cv-05733-JSC<br><br>**PLAINTIFF's REPLY IN SUPPORT OF MOTION FOR CERTIFICATION OF AN INTERLOCUTORY APPEAL AND FOR STAY**<br><br>Date: December 3, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8, 19th Floor |

# I. INTRODUCTION

Groupon's opposition raises a threshold jurisdictional objection based on the transfer of this action to the Northern District of Illinois. Plaintiff recognizes the significance of that objection. But Groupon's remaining arguments largely repeat the conclusion that this Court correctly applied existing law to the enrollment screen. That is not the question presented by the motion. Plaintiff seeks certification because reasonable jurists could disagree whether the features the Court identified are legally sufficient to establish reasonably conspicuous notice of contractual terms. And the distinction matters. The Court's finding that Freund agreed to Groupon's Terms supplied the basis for enforcing the Illinois forum-selection clause and applying the modified transfer analysis under *Atlantic Marine Construction Co. v. U.S. District Court*, 571 U.S. 49 (2013). The proposed appeal concerns that threshold contractual determination, not the underlying TCPA claims or a reconsideration of the public-interest factors.

# II. ARGUMENT

## A. Groupon's Jurisdictional Objection

Groupon argues that this Court lost jurisdiction when the case was docketed in the Northern District of Illinois on October 16, 2026, before Plaintiff filed his motion on October 21. Opp. at 2–3. Under *Lou v. Belzberg*, 834 F.2d 730, 733 (9th Cir. 1987), a transfer under § 1404 ordinarily terminates the transferor court's jurisdiction once the papers are entered on the transferee court's docket. Plaintiff does not dispute the dates identified in the opposition or contend that filing the present motion automatically restored jurisdiction. Nor does Plaintiff suggest that the requested stay could prevent a transfer that has already occurred. The jurisdictional issue is therefore distinct from the merits of certification.

If the Court concludes that *Lou* precludes further action, Plaintiff recognizes that the Court may be unable to reach the certification request. Plaintiff nevertheless maintains that the question presented warrants appellate consideration for the reasons set forth in his motion and below.

Should the Court conclude that it lacks jurisdiction, the formation ruling would not escape appellate review altogether. A party aggrieved by a transfer order may move the transferee court for retransfer and, if that motion is denied, seek review in the court of appeals for the transferee circuit. *See SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172 (2d Cir. 2000) (adopting the majority rule that a party must move for retransfer in the transferee court to preserve review of a transfer order); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509 (10th Cir. 1991) (recognizing the retransfer-and-appeal avenue, subject to a deferential standard of review); *SeedX, Inc. v. Lincoln Strategy Grp. LLC*, 158 F.4th 1166 (10th Cir. 2025) (same, in the 28 U.S.C. § 1631 context). Freund reserves that avenue. But only certification by this Court would place the question before the Ninth Circuit, whose decisions supplied the governing standard for the Order.

**B. <u>The Proposed Appeal Presents a Controlling Legal Question</u>**

Groupon argues that the proposed appeal merely challenges the application of settled law to a particular webpage. Opp. at 3–5. That characterization overlooks the narrow question Plaintiff has presented. Plaintiff accepts the screen reproduced in the Court's Order and the Court's determination that the transaction's context was neutral. There is no factual dispute for the Ninth Circuit to resolve. The question is whether a hyperlink embedded in smaller marketing disclosures, distinguished principally by underlining and initial capitalization, provides reasonably conspicuous notice under *Berman*, 30 F.4th 849 (9th Cir. 2022), *Chabolla*, 129 F.4th 1147 (9th Cir. 2025), and *Godun*, 135 F.4th 699 (9th Cir. 2025).

Groupon relies on *Godun's* observation that the inquiry is fact-intensive. Opp. at 4. But that does not mean the legal sufficiency of an undisputed screen is beyond appellate review. Indeed, *Berman*, *Chabolla*, and *Godun* themselves address the sufficiency of online contractual notice. Plaintiff asks the Ninth Circuit to resolve that same legal issue on an established record.

Ninth Circuit precedent supports treating that question as one of law on this record. Where the authenticity of the screenshots is undisputed, the conspicuousness of

hyperlinked notice may be decided as a pure question of law. *Oberstein v. Live Nation Ent., Inc.*, 60 F.4th 505, 518 (9th Cir. 2023); *see also Keebaugh v. Warner Bros. Ent. Inc.*, 100 F.4th 1005 (9th Cir. 2024) (applying *Oberstein* and reviewing the ruling de novo); *Cavanaugh v. Fanatics, LLC*, 738 F. Supp. 3d 1285 (E.D. Cal. 2024) (same where the material evidence consisted exclusively of screenshots whose authenticity was not disputed). Freund accepts the screen reproduced in the Order as the record, so no factual dispute stands between the question and a legal answer. And a challenge to the legal standard applied in a forum-selection ruling, rather than to a discretionary weighing of factors, presents a controlling question. *See Red Bull Assocs. v. Best W. Int'l, Inc.*, 686 F. Supp. 447 (S.D.N.Y. 1988) (certifying order declining to enforce a forum-selection clause).

Groupon also argues that other possible grounds for contract formation would remain even if Plaintiff prevailed. Opp. at 4–5. Plaintiff has never suggested otherwise. The Court expressly declined to decide whether Freund's earlier Groupon transactions established an agreement. Order at 9 n.3. The March 2026 screen was the contractual basis the Court actually relied upon. Reversal would eliminate that basis and require reconsideration of transfer under a different premise. That is sufficient to make the question controlling. *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026–27 (9th Cir. 1982).

### C. <u>Substantial Grounds Exist for a Difference of Opinion</u>

Groupon emphasizes that the Court applied established Ninth Circuit precedent. Opp. at 5. Plaintiff does not dispute that the governing decisions are established. The disagreement concerns what those decisions require of a promotional screen where the contractual hyperlink appears in the same color and size as surrounding marketing disclosures.

*Berman* requires more than the presence of a hyperlink. The link must be readily apparent, and the notice must be reasonably conspicuous. 30 F.4th at 856–57. Here, the Court relied principally on underlining, initial capitalization, and proximity to the action button. Reasonable jurists could disagree whether those features satisfy *Berman*,

particularly where the Court found that the transaction's context supplied no additional reason to look for contractual terms.

Groupon's discussion of *Ferrell v. SnapCommerce Holdings, Inc.*, No. 25-cv-03160-JST, 2025 WL 3280992 (N.D. Cal. Nov. 25, 2025), does not eliminate that disagreement. Although the Court distinguished the gray text and placement involved in *Ferrell*, the question remains whether black text that is otherwise indistinguishable from the surrounding paragraph provides adequate notice of a contractual hyperlink. Likewise, placing a disclosure above a button does not necessarily mean that the contractual language within it interrupts the user's progression toward that button, as contemplated by *Chabolla*.

Groupon is correct that *Vernon*, 925 F. Supp. 2d 1185 (D. Colo. 2013), involved a different contractual question and disagreement among judges concerning the same agreement. Plaintiff does not contend that *Vernon* presents identical circumstances. The relevant principle is that certification does not require an existing appellate conflict where a substantial legal question warrants review. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

District courts applying these decisions have reached different results on closely related hyperlink presentations. *Compare Lee v. Plex, Inc.*, 773 F. Supp. 3d 755 (N.D. Cal. 2025) (hyperlinked terms that were bolded, but neither underlined nor in a contrasting color, did not give reasonably conspicuous notice; declining to follow *Miller v. Plex*, which reached the opposite result on a nearly identical screen), *and Quamina v. JustAnswer LLC*, 721 F. Supp. 3d 1026 (N.D. Cal. 2024) (hyperlinks distinguished only by underscoring were insufficient for several plaintiffs, while notice was sufficient for a plaintiff whose blue, underlined link sat directly above the button beside explicit assent language), *with Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911 (N.D. Cal. 2024) (hyperlinked terms placed directly beneath the action button on an uncluttered page were sufficiently conspicuous, and blue color, underlining and capitalization were not dispositive). Outcomes thus turn on fine differences of the kind present here. That is the kind of unsettled question on which reasonable jurists may disagree.

### D. Immediate Review May Materially Advance the Litigation

Finally, Groupon argues that an appeal would not resolve every possible ground for contract formation. Opp. at 6. Again, that is not the standard. Section 1292(b) does not require an appeal to dispose of the entire action. *Reese*, 643 F.3d at 688.

The Court's formation determination controls the contractual basis for transfer and bears directly on Groupon's alternative arbitration request, which remains unresolved. An appellate ruling would settle whether the March 2026 screen established assent to the Terms. That determination would narrow the issues regardless of the outcome and could avoid further proceedings based on a contractual premise later found insufficient. Groupon's position would effectively require Plaintiff to litigate the action in Illinois, potentially address arbitration, and defer review of the contractual determination that caused the transfer in the first place. The possibility of avoiding those proceedings is precisely why immediate review may materially advance the litigation.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for certification under 28 U.S.C. § 1292(b), to the extent the Court determines it retains jurisdiction to do so.

DATED: November 12, 2026

Respectfully Submitted,

**KJC LAW GROUP, A.P.C.**

By: */s/ Kevin J. Cole*
Kevin J. Cole, Esq.

**PARONICH LAW, P.C.**

By: */s/ Anthony I. Paronich*
Anthony I. Paronich, Esq.

*Attorneys for Plaintiff*

*Robert Freund*

## CERTIFICATE OF SERVICE

I certify that on November 12, 2026, I electronically filed the foregoing document(s) with the Court's CM/ECF system, and that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

*/s/ Kevin J. Cole*
Kevin J. Cole